# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY, INC. | Chapter 7 |
| Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | |
| Plaintiff, | Adv. Pro. No. 04-3067-WRS |
| v. | |
| ALABAMA POWER COMPANY, | |
| Defendant. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC ("Terry Uniform"), J. Lester

Alexander, III, ("Trustee")[1]. The Court has considered the briefs and memoranda submitted by both parties. (Docs. 1, 5, 11, 19). For the reasons set forth below, the summary judgment motion of the Trustee is DENIED.

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

The Trustee has initiated this Adversary Proceeding in an attempt to recover eight payments that were made by Terry Manufacturing to Alabama Power. The payments in question occurred approximately on the following dates and in the following amounts[2]:

$3,437.48 on April 16, 2003;

$3,900.98 on April 16, 2003;

$1,706.21 on April 30, 2003;

$3,596.18 on May 9, 2003;

$1,805.04 on June 4, 2003;

$4,193.80 on June 4, 2003;

$4,722.34 on June 13, 2003;

$4,169.08 on June 13, 2003.

The Trustee is alleging that these payments, totaling $27,531.11 are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may
>    avoid any transfer of an interest of the debtor in property-
>        (1) to or for the benefit of a creditor;
>        (2) for or on account of an antecedent debt owed by the debtor before such
>            transfer was made;
>        (3) made while the debtor was insolvent;
>        (4) made-
>              (A) on or within 90 days before the date of the filing of the
>                  petition; or
>              (B) between ninety days and one year before the date of the filing
>                  of the petition, if such creditor at the time of such transfer was
>                  an insider; and
>        (5) that enables such creditor to receive more than such creditor would
>            receive if-
>                (A) the case were a case under chapter 7 of this title;
>                (B) the transfer had not been made; and
>                (C) such creditor received payment of such debt to the extent provided by

---

[2] As mentioned in the memorandum, a dispute has arisen with respect to the payment dates. However, for purposes of reference only, the Court will use the dates and amounts submitted to the Court by the Trustee without making any finding as to their accuracy. (Docs. 1, 19).

3

the provisions of this title.

11 U.S.C. § 547(b).

The Court finds that there are various disputed facts with respect to this preference action initiated by the Trustee. First, Alabama Power has asserted that according to their records, discrepancies exist with respect to the payment dates specified by the Trustee. Because a dispute has arisen as to whether the payments in question fall within the requisite ninety (90) day preference period, the Court is precluded from entering summary judgment on this basis alone. (Doc. 19). Alabama Power also asserts various statutory defenses, specifically those provided by §§ 547(c)(2) and (c)(4) just to name a few.[3] With respect to § 547(c)(2), it must be determined whether the payments received by Alabama Power were within the ordinary course of business dealings as between these two parties and whether the payments received were in the ordinary course of payment for the utility industry. Likewise, genuine issues of material fact exists with respect to whether the Debtors received new value within the parameters identified by § 547(c)(4). Because the Court finds material facts in dispute, the Trustee's motion for summary judgment is DENIED.

Done this 17th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
Eric T. Ray, Attorney for Alabama Power
J. Lester Alexander, III, Trustee
Debtors

---

[3] The Court notes that in its Response to Trustee's Motion for Summary Judgment, Alabama Power addresses only two of the various defenses asserted in its Answer.

Teresa R. Jacobs, Bankruptcy Administrator